# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CYNTHIA ADAMS,<br><br>                Plaintiff,<br><br>- against -<br><br>DONNA LANG; and DOES 1 through 10 inclusive,<br><br>                Defendants. | Case No. 4:23-cv-912<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501**<br><br>**(2) FALSE DMCA COUNTER NOTIFICATION – 17 U.S.C. § 512(f)(2)** |

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement were directed towards the state of Ohio, Defendant and caused injury to Plaintiff within the state of Ohio.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Cynthia Adams ("Adams") is an individual residing in the state of Ohio.

6. Defendant Donna Lang is an individual that, on information and belief, resides at 22608 Hwy 151, Chilton, WI, 53014.

1

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff Cynthia Adams is an artist that creates and sells original patterns and designs through her brands EleaVedaDesigns and SewCuteDigiDesigns.

9. Adams' sells her patterns and designs primary through Etsy.

10. Customers who purchase patterns from Adams' are given templates and line drawings to cut the pattern out of wood, and are also given detailed instructions and pictures to help with assembly and painting of the final product.

11. The instructions also include a copyright notice as well as a disclaimer informing the purchaser that that the patterns and designs are for personal use only and may not be reproduced in any form for business or commercial use.

12. At issue in this lawsuit are four of Adams' pattern designs: a patriotic themed gnome ("Uncle Sam Design"), a Frankenstein themed design ("Frankenstein Design"), a Christmas themed gnome design ("Gnome Design"), and a bride of Frankenstein themed design ("Bride Design").

13. Collectively these will be referred to as the "Designs."

14. True and correct copies of the completed Designs are attached hereto as Exhibit A.

15. Adams registered the Designs with the United States Copyright Office.

16. Specifically, Adams registered the Uncle Sam Design under registration VA 2-320-584 with an effective registration date of September 11, 2022; the Frankenstein Design under registration VA 2-319-871 with an effective registration date of September 9, 2022; the Gnome Design under registration VA 2-326-100 with an effective registration date of November 2, 2022; and the Bride Design under registration VA 2-325-725 with an effective registration date of October 26, 2022.

17. Defendant Lang operates a business under the moniker Rustic Farmhouse Décor which sells "DIY Wood Blank Kits for crafters for every Holiday."

18. Defendant Lang sells her products through various channels, including Etsy, Amazon, and Facebook.

19. Beginning in May 2022, Defendant Lang began to purchase many of the Designs from Adams via Adams' Etsy shop.

20. On or About May 28, 2022, Lang purchased Adams' Uncle Sam Design.

21. On or about June 2, 2022, Lang purchased Adams' Frankenstein Design.

22. On or about June 7, 2022, Lang purchased Adams' Gnome Design.

23. On or about June 18, 2022, Lang purchased Adams' Bride Design.

24. On or about July 2022, Adams discovered that Defendant Lang was selling her Designs under the Rustic Farmhouse Décor brand via various platforms.

25. Attached hereto as Exhibit C are true and correct screenshots showing Adam's designs being sold by Defendant Lang under the Rustic Farmhouse Décor brand via Shopify.

26. After her discovery, Adams directly messaged Lang to inform Lang that

3

her Designs were copyright protected, and requested that Defendant Lang cease and desist immediately, however Defendant Lang refused.

27. Subsequently, Adams sent a DMCA Takedown notification to Shopify stating that her designs were copyright protected and requesting that they be removed for copyright infringement.

28. In response, Defendant Lang sent a counter notification sworn under penalty of perjury stating that the takedown request was the result of a mistake or misidentification of the material.

29. Upon receipt of Defendant Lang's counter notification, Shopify restored the pages.

30. Attached hereto as Exhibit D is a true and correct copy of Defendant Lang's sworn counter notification.

31. As of the date of this Complaint, Defendant Lang continues to sell unauthorized copies of Adams' Designs.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff did not consent to, authorize, permit, or allow the said use of Plaintiff's unique and original Designs by Defendant.

34. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Designs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Designs of the Plaintiff without Plaintiff's consent or authority, by creating and distributing unauthorized copies.

4

35. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount pursuant to 17 U.S.C. § 504(c).

36. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

37. Plaintiff is also entitled to preliminary and permanent injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### FALSE DMCA COUNTER NOTIFICATION
### 17 U.S.C. § 512(f)(2)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Pursuant to 17 U.S.C. §512(c)(3), Plaintiff submitted a valid and compliant take down notification to Shopify stating that Defendant was infringing her Designs and asking that the page containing the infringing material be removed.

40. Subsequently, Defendant submitted a counter notification containing knowing and material representations that the page was removed by mistake or misidentification.

41. Defendant's misrepresentations were knowing and material because Defendant knew that Plaintiff was the true owner of the Designs based upon purchasing the Designs from Plaintiff, the copyright notice included with the materials purchased from Plaintiff, and based on Plaintiff's direct messages to Defendant stating that her conduct was infringing.

42. As a result of the material misrepresentations in Defendant's counter notification, Plaintiff is entitled to recover damages, including costs and attorneys' fees, pursuant to 17 U.S.C. §512(f)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. Defendant and her officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Defendant be preliminarily and permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in the any of Plaintiff's Designs without prior authorization;

2. The Court enter a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Defendant, her officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with her, which infringe upon Plaintiff's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any image which infringes, contributorily infringe, or vicariously infringes upon Plaintiff's copyrights as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. Actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement to reimburse Plaintiff for all damages suffered by her by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Plaintiff's election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

4. Actual damages as a result of Defendant's knowing and material misrepresentations pursuant to 17 U.S.C. § 512(f)(2);

5. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 512(f)(2) or otherwise available by law;

6. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, 17 U.S.C. § 512(f)(2) or otherwise available by law;

7. Prejudgment interest on all amounts owed; and

8. Any such other and further relief as the Court may deem just and appropriate.

Dated: May 3, 2023                              Respectfully submitted,

                                                **/s/ Mathew K. Higbee**
                                                Mathew K. Higbee, Esq.
                                                **HIGBEE & ASSOCIATES**
                                                1504 Brookhollow Dr., Ste 112
                                                Santa Ana, CA 92705-5418
                                                (714) 617-8373
                                                (714) 597-6729 facsimile
                                                mhigbee@higbee.law
                                                *Attorney for Plaintiff*