IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA ADAMS, | ) CASE NO. 4:23-CV-00912-BYP |
| Plaintiff, | ) JUDGE BENITA Y. PEARSON |
| v. | ) MAGISTRATE JUDGE<br>) CARMEN E. HENDERSON |
| DONNA LANG, DOES, 1 THROUGH 10, INCLUSIVE; | ) **REPORT & RECOMMENDATION** |
| Defendants, | ) |

This matter is before this Court upon the referral to prepare a report and recommendation on Plaintiff's Opposed Motion to Reopen Case (ECF No. 32). (*See* ECF No. 41). Having reviewed Plaintiff's and Defendant's positions and the record in this case, for the reasons detailed below the undersigned recommends that this case be reopened.

I.    Background

On May 3, 2023, Plaintiff Cynthia Adams filed suit against Defendant Donna Lang, alleging that Lang committed copyright infringement in violation of 17 U.S.C. § 101 *et seq.* when she purchased Plaintiff's decorative wooden sign patterns from Plaintiff's Etsy shop and allegedly later sold items featuring Plaintiff's designs on her own site. (ECF No. 1 at 3–4). Plaintiff also alleges that Defendant Lang submitted a false Digital Millennium Copyright Act (DMCA) counter notification in violation of 17 U.S.C. § 512(f)(2). (ECF No. 1 at 5). Plaintiff filed her First Amended Complaint on July 28, 2023 (ECF No. 9), and Defendant filed her Answer on August 11, 2023 (ECF No. 11). On October 4, 2023, the District Court referred this case to the undersigned for mediation. (ECF No. 18). The parties appeared via Zoom video conference

before the undersigned for a mediation conference on December 14, 2023. The undersigned determined that the parties needed additional information to be able to continue mediation and continued the mediation until a mutually agreeable later date. The undersigned held the continued mediation conference on January 23, 2024. The parties did not reach an agreement during the conference but agreed to continue negotiating and update the undersigned as to whether they reached a resolution.  On January 31, 2024, the parties informed the undersigned via email that they had agreed to monetary terms and were negotiating the specific terms to incorporate into a settlement agreement. On February 1, 2024, the undersigned posted a notice on the docket notifying the District Court that the parties had reached agreement. On February 2, 2024, the District Court issued an order of dismissal explaining that the docket would be marked "settled and dismissed without prejudice" and that "[o]n or before 3/2/2024, the parties shall submit an executed Stipulated Dismissal with Prejudice, which if approved, would supersede [the February 2nd] Order." (ECF No. 28). The Order also noted that "all upcoming case management and trial dates [we]re vacated." (ECF No. 28). On February 28, 2024, the parties submitted a joint motion to extend the deadline to file the Stipulation of Dismissal with Prejudice until March 22, 2024. (ECF No. 30). The Court granted that motion. On March 21, 2024, the parties filed another joint motion to extend the deadline to file the Stipulation of Dismissal with Prejudice until April 22, 2024. (ECF No. 31). The Court again granted the extension. At no point after January 31, 2024—the date the parties notified the undersigned that they agreed on monetary terms—did the parties contact the undersigned with issues related to executing a settlement agreement.

However, the parties never filed a Stipulated Dismissal with Prejudice. Rather, on April 17, 2024, Plaintiff filed an opposed motion to reopen the case. (ECF No. 32). Plaintiff's motion

2

explained that the parties were unable "to come to an agreement on the material, non-monetary terms of the agreement, and it is unlikely that they will." (ECF No. 32 at 1). Plaintiff additionally requested that if the Court reopens the case, that the Court restore the extended deadline to amend the pleadings. (ECF No. 32 at 1). On May 6, 2024, Defendant filed her Opposition to Plaintiff's Motion to Reopen Case and alternatively moved to enforce the terms of settlement. (ECF No. 34). In her opposition, Lang asserted that as of February 26, 2024, the parties had agreed to all material terms, explaining that the parties finally agreed that Lang would surrender, without warranties, SVG files she made from the designs that she purchased from Plaintiff—the last material term keeping the parties from executing the agreement—and that all that was left to do was memorialize the terms in writing. But Defendant asserts that upon receiving the draft settlement agreement from Plaintiff, she discovered Plaintiff had added a new, non-material term—that Lang would give the SVG files to Plaintiff for seven days to inspect and confirm that the files were in working order before Plaintiff would sign the settlement agreement. (ECF No. 34 at 9). Defendant objected to the term, as she was uncomfortable handing the SVG files over prior to the execution of the agreement. (*See* ECF No. 34 at 2–3, 10, 12). The parties attempted to work through the issue and come up with an agreement allowing Plaintiff to inspect the files in some fashion, but they were unable to reach agreement on this term. (*See* ECF No. 34 at 10–12). Plaintiff then proposed that Defendant pay additional money in lieu of providing the SVG files, which Defendant was unable to do. (ECF No. at 11–12). Defendant Lang further asserted that the parties had reached an agreement on all the material terms and that Plaintiff was merely using the inspection term in a bad faith effort to get out of the agreed to settlement and restart litigation, hoping to bring in a new party and assert a new legal theory. (ECF No. 34 at 14–15). Defendant Lang additionally asked the Court to dismiss the case with prejudice and grant her

3

leave to file a motion for attorneys' fees resulting from Plaintiff's bad faith settlement negotiations, including from having to oppose the motion to reopen. (ECF No. 34 at 15).

In her reply in support of her motion to reopen, Plaintiff argues, among other things, that the parties were unable to come to an agreement through past negotiations and are unlikely to agree to terms in the future, thus the only way to resolve the matter would be through litigation. Therefore, Plaintiff argues, justice will not be served should the Court not reopen the case and permit her the opportunity to litigate. (ECF No. 37 at 10).

On February 12, 2025, the District Court referred this matter to the undersigned for resolution of Plaintiff's pending Motion to Reopen Case and Motion for Leave to File a Surreply[1] (ECF No. 39), and Defendant Lang's Response in Opposition with an alternative Motion to Enforce Terms of Settlement. (ECF No. 41). But on March 12, 2025, Defendant Lang filed a Motion to Withdraw her Motion to Enforce the Settlement, explaining that her financial circumstances had changed since the time she moved the Court, in the alternative to denying Plaintiff's Opposed Motion to Reopen Case, to enforce the terms of the settlement agreement. (ECF No. 47). On March 20, 2025, the Court granted this motion.

On March 13, 2025, the parties appeared before the undersigned via Zoom video conference for another mediation conference. The parties did not reach an agreement during the conference, and they notified the undersigned via email on March 24, 2025, that they did not reach agreement after another week of continuing negotiation. The undersigned asked Defendant Lang to clarify whether she still opposed Plaintiff's motion to reopen after withdrawing her motion to enforce the settlement, and Defendant Lang confirmed in a position statement that she still opposes Plaintiff's motion to reopen the case, asserting again that Plaintiff acted in bad faith and

---

[1] The District Court granted Plaintiff's Motion to file a Surreply on March 20, 2025.

4

"torpedo[ed] any chance of settlement" over immaterial inspection terms concerning the SVG files and requesting that the Court not reopen the case, but dismiss the case with prejudice. (ECF No. 48 at 1–2).

## II. Discussion

Through inspection of the record and the parties' own statements, it is clear to the undersigned that the parties did not execute a settlement agreement, nor ever reach an agreement on settlement terms. Plaintiff asserts that while the parties reached an agreement on the monetary terms on January 31, 2024, of which they notified the undersigned, the parties never reached an agreement on "the material, non-monetary terms." (ECF No. 32 at 1). Defendant, too, explained that the parties had agreed on monetary terms, and even asserted that they agreed on material non-monetary terms by February 26, 2024, but conceded that the parties were unable to agree on terms related to the inspection of the SVG files that she was to produce to Plaintiff. (ECF No. 34 at 2–3, 9–12). Thus, the parties agree that they were unable to reach agreement on all the settlement terms, they merely disagree on whether the SVG inspection terms were considered material. The undersigned finds that such inspection terms were material, as Plaintiff asserted that she would only accept the SVG files with proper inspection and that the SVG files had monetary value to her (ECF No. 37 at 13), and Defendant refused to submit the SVG files to Plaintiff for inspection prior to Plaintiff signing the settlement agreement releasing her claims against Defendant (ECF No. 34 at 12). Thus, the failure to agree to inspection terms unraveled the entire settlement. The undersigned finds such terms were material. Further, the Defendant does not appear to assert any longer that the parties reached an agreement, as she withdrew her motion to enforce the settlement agreement.

While Defendant asserts that the case should not be reopened and rather should be dismissed with prejudice due to Plaintiff's bad faith negotiations, the undersigned disagrees. The undersigned finds no evidence that either party acted in bad faith. Both parties participated in mediation and further negotiations. Neither party asked for the undersigned's assistance in reaching a finalized agreement despite the undersigned telling them to reach out with any issues they encountered. And after it was clear that an agreement would not be reached between the parties, Plaintiff moved to reopen the case without delay, before the Stipulated Dismissal with Prejudice was due to the Court. The motion merely remained pending, and the parties failed to seek additional assistance from the District Court or the undersigned. While it is unfortunate that Defendant's financial circumstances have changed since Plaintiff filed her motion to reopen, the fact that Defendant had to continue to employ counsel while the motion was pending and no longer has the financial means to pay Plaintiff the originally agreed upon settlement amount does not require a finding that Plaintiff acted in bad faith. As the undersigned does not find Plaintiff acted in bad faith in her negotiations with Defendant, the undersigned recommends that the Court deny Defendant's request that the case be dismissed with prejudice (ECF No. 34 at 15; ECF No. 48 at 2) and deny Defendant's request for leave to file a motion for attorneys' fees resulting from Plaintiff's bad faith (ECF No. 34 at 15).

Because the undersigned finds that the Plaintiff did not act in bad faith when negotiating with Defendant and that the parties never reached an agreement resolving the instant case, the undersigned finds that the Plaintiff would be unfairly deprived of her opportunity to litigate the matter if the case is not reopened. Thus, the undersigned recommends that the Court grant Plaintiff's Opposed Motion to Reopen Case so that the matter may be resolved through litigation.

6

The undersigned further recommends that once the District Court reopens the case, the District Court hold a status conference to determine which case deadlines should be reinstated.

### III.     Recommendation

Based on the foregoing, the undersigned recommends that the District Court GRANT Plaintiff's Opposed Motion to Reopen Case (ECF No. 32) in part, postponing ruling on Plaintiff's request to reinstate the previously vacated case management and trial deadlines and motions until a status conference is held on the matter.

Dated: March 28, 2025

s/ <i>Carmen E. Henderson</i><br>
CARMEN E. HENDERSON<br>
U.S. MAGISTRATE JUDGE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).